IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

BARNES BURK SELF STORAGE, LLC, §
§
    Plaintiff, §
§
v. §   Civil Action No. 7:19-cv-00099-M
§
UNITED FIRE & CASUALTY COMPANY §
and TRACI MCCORMICK, §
§
    Defendants. §
§

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND AND FOR COSTS**

Before the Court is Plaintiff's Motion to Remand and for Costs. (ECF No. 7). For the reasons stated below, the Motion is **DENIED**.

**I.**     **Factual and Procedural Background**

Plaintiff alleges the following facts in its original state court petition. (ECF No. 1, Ex. C). Plaintiff is a named insured on a property insurance policy issued by Defendant United Fire & Casualty Company, a foreign corporation. (*Id.* at 1). In 2017, Plaintiff filed a claim with United for property damage to its storage facility in Wichita County, Texas, resulting from a wind and hail storm. (*Id.* at 1). Defendant Traci McCormick, a Texas resident, was an adjuster United assigned to Plaintiff's claim. (*Id.* at 4).

On December 7, 2018, Plaintiff sued United and McCormick in state court for violations of Texas law relating to its insurance claim. *Barnes Burk Self Storage, LLC v. United Fire & Casualty Co., et al*, No. 189703-C, 2019 WL 2648921 (89th Dist. Ct., Wichita County, Tex. Feb. 7, 2019); ECF No. 1, Ex. C. On January 25, 2019, United informed Plaintiff that it had assumed any liability McCormick would have to Plaintiff in the case. (ECF No. 1, Ex. A). On February

7, 2019, United removed the case to federal court, alleging that diversity existed between Plaintiff and United and that this Court should disregard McCormick's citizenship due to United's assumption of McCormick's liability. (ECF No. 1, Exs. I, L). On May 23, 2019, this Court (Judge O'Connor presiding) rejected this argument and thereafter remanded the case. (ECF No. 1, Ex. P).

On July 22, 2019, the state court dismissed McCormick from the case. (ECF No. 1 at 1). On August 20, 2019, United removed the case to federal court for the second time on the theory that it now satisfies federal diversity requirements due to McCormick's dismissal. (ECF No. 1, Ex. U; *see also* ECF No. 8 at 1–2). On October 2, 2019, Plaintiff filed the current motion to remand. (ECF No. 7).

## II.     Legal Standard

Generally, a defendant may remove any case over which the federal district courts have original jurisdiction. *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019); *see also* 28 U.S.C. § 1441(a). A defendant may also remove a case that becomes removable after the initial pleading is filed. *Hoyt*, 927 F.3d at 295; *see also* 28 U.S.C. § 1446(b)(3). Removability is subject to the voluntary-involuntary rule: "[A]n action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Hoyt*, 927 F.3d at 295 (citation omitted). However, "When a state court order creates diversity jurisdiction and that order cannot be reversed on appeal . . . the voluntary-involuntary rule is inapplicable." *Id*. at 297 (citation omitted).

## III.    Analysis

The Court's decision on this Motion turns on the Fifth Circuit's recent articulation of an apparent exception to the voluntary-involuntary rule in *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287,

2

295 (5th Cir. 2019). In *Hoyt*, the Fifth Circuit upheld the removal of a case in which diversity was created when a state court granted the non-diverse defendant's summary judgment motion and dismissed that party. *Id.* at 297. The summary judgment could not be reversed on appeal, because the plaintiff "apparently abandoned" the right to appeal. *Id.* Here, the effect of the state court's order dismissing McCormick was to leave only diverse parties, and the dismissal of McCormick cannot be reversed on appeal, because Plaintiff waived its right to appeal by not opposing the dismissal. Thus, while the voluntary-involuntary rule requires an action of the plaintiff for a case to be removable, the *Hoyt* exception applies, and, as a result, this case is properly before this Court.

In the federal district cases cited by Plaintiff, including this case on first removal, the voluntary-involuntary rule prompted a remand to state court. *See Massey v. Allstate Vehicle & Prop. Ins. Co.*, No. CV H-18-1144, 2018 WL 3621055, at *4 (S.D. Tex. May 16, 2018); *see also Stephens v. Safeco Ins. Co. of Indiana*, No. 4:18-CV-00595, 2019 WL 109395, at *4 (E.D. Tex. Jan. 4, 2019); ECF No. 1, Ex. P. However, these decisions pre-date *Hoyt*, which promulgated a narrow but clear exception to the voluntary-involuntary rule for state court orders that create diversity and which cannot be reversed on appeal. *Id.* at 297; *see also Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019) (citing *Hoyt* and disregarding the citizenship of the non-diverse defendant where there was "no possibility of recovery" by the plaintiff against the non-diverse defendant at the time of removal).

Because the state court order dismissing McCormick created diversity and cannot be reversed on appeal, the voluntary-involuntary rule does not apply, so that this case was removable under 28 U.S.C. §§ 1441 and 1446. Thus, Plaintiff's Motion to Remand and for Costs is **DENIED**. (*See* ECF No. 7).

**SO ORDERED**.

December 10, 2019.

_____
BARBARA M. G. LYNN
CHIEF JUDGE